1. Fard International Trading and DeVerney Brook Taylor shall have until March 4, 2002, to enter appearances. If no appearance has been entered by March 4, 2002, the Court will conclude that Fard International Trading is in default and that DeVerney Brook Taylor is proceed pro se and will comply with all of the Federal Rules of Civil Procedure and Local Rules of this Court.

2. The parties represented by John James shall respond to outstanding discovery on or before March 4, 2002.

3. Dain may take no more than five depositions to be conducted in Minneapolis, Minnesota, or by video conference, on or before May 1, 2002. If Dain chooses to travel to the witness' location in the event of a video conference deposition, the travel shall be at Dain's own expense.

4. The parties shall attempt to negotiate the distribution of the funds remaining on deposit at Dain and report to the Court on or before June 1, 2002, whether they have reached agreement on that issue.

5. The parties shall also submit to the Court on or before June 1, 2002, the report contemplated by Fed.R.Civ.P. 26(f). The Court will hold a case management conference on June 25, 2002, at 9:00 a.m. The topics to be addressed at the June 25th conference include, but are not limited to:

a. Settlement of the distribution of funds remaining on deposit at Dain;

b. Amount of discovery (both volume and length) needed to be completed on all outstanding claims, counterclaims, and cross claims;

c. Motions schedule and trial ready date;

FILED FEB 2002
RICHARD ... CLERK
JUDGMENT ...
DEPUTY ...

Dain Raucher, Inc.
vs. 01-cv-99RHK/FLN
Qumram, Inc.

d. Whether and what type of alternative dispute resolution would assist the parties in resolving all outstanding claims, counterclaims and cross claims.

DATED: February 4, 2002.

FRANKLIN L. NOEL
Chief Magistrate Judge