ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Dain Rauscher Incorporated,

Plaintiff,

v.

Qumran, Inc., John Baulian, Cornelia Beens, Tempel Int'l Corp., Baracuda Economical Resource, Frunzik Galstyan, Sinesio Jesus Pasarin Diaz, Eastover Ltd., Marlene Oilgisser, Haresh Patel, Anastasios Drivas, Abingbury Investments Limited, JMD International, Fard International Trading Limited, United Bank Open Joint-Stock Company, and Does 1-10,

Defendants,

and

Sinesio Jesus Pasarin Diaz, Eastover Ltd., Marlene Oilgisser, Haresh Patel, Anastasios Drivas, Abingbury Investments Limited, JMD International and Fard International Trading Limited,

Counterclaim Plaintiffs,

vs.

Jon Kappes,

Additional Counterclaim Defendant.

Civil File No. 01 CV 99 (JEL/AJB)

**ORDER**

---

FILED OCT 2 8 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD OCT 2 8 2002
DEPUTY CLERK ____

The above-captioned action came before this Court pursuant to Plaintiff's Motion for Default Judgment. Based upon the arguments of counsel and upon all of the files, records and proceedings:

**IT IS ORDERED** that Plaintiff Dain Rauscher Inc.'s ("Dain Rauscher") Motion for Default Judgment against Defendants John Baulian, Cornelia Beens, Qumran Inc., Tempel Int'l Corp., and Baracuda Economical Resources (collectively, "Baulian Parties") be and hereby is **GRANTED**, and that:

1. The Baulian Parties and any others purporting to represent them or in any way to be affiliated or in harmony with them, are restrained from instituting any action against Dain Rauscher for the recovery of the Remaining Qumran Proceeds.

2. The Baulian Parties have no rights to the Remaining Qumran Proceeds, and that Dain Rauscher is hereby discharged from any and all liability related to the Remaining Qumran Proceeds.

3. Dain Rauscher is awarded costs and disbursements of $1,788.60 against the Baulian Parties for the filing fee and for costs of service.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 28, 2002

JOAN ERICKSEN LANCASTER
U.S. District Judge
District of Minnesota

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995